## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | **NO. 1:20-2** |
| | : | |
| **MARIO FELIX** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                             **March 11, 2026**

      Congress, through the Speedy Trial Act, requires the United States to begin a trial on pending criminal charges within seventy days of the later of a defendant's first appearance in court on the charges or the public filing of charges. Attorneys often need more than seventy days to prepare for complex trials and will agree to continue the trial date if the defendant agrees and subject to a judge's approval to satisfy the ends of justice. Congress requires the defendant to move to dismiss the charges if he believes the United States did not comply with the Speedy Trial Act.

      We today address a defendant's November 2024 motion to dismiss the grand jury's January 2020 charges against him. All parties agree we must dismiss the case. The question today is whether we should dismiss this case with prejudice. We studied the factual record upon reassignment and applied the three factors first described in Congress and affirmed by the Supreme Court. We find the grand jury charged a serious gun and ammunition possession offense; the delay is not attributable to the United States' negligence based on the record before us, including Defendant moving to extend the trial dates to seek medical care and accommodate his attorney's calendar, and then opposing setting a trial date until after Chief Judge Lewis addressed defendant's motion; and, considered the impact of a second prosecution on the administration of the Act and of justice. Applying these factors compels our finding we dismiss the indictment without prejudice.

I. Facts

Congress, through the Speedy Trial Act, requires "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[1]

Our Grand Jury charged Mario Felix on January 1, 2020 with possession of a firearm and ammunition knowing he could not lawfully possess them.[2] Mr. Felix appeared for his arraignment on January 27, 2020.[3] Congress requires the United States to bring Mr. Felix to trial within seventy days. Twenty-one days later, on February 17, 2020, Mr. Felix moved to suppress evidence.[4] The seventy-day speedy trial clock stopped as of February 17, 2020, with twenty-one days expired on the speedy trial clock. Chief Judge Lewis decided Mr. Felix's February 2020 suppression motion on July 29, 2021.[5]

The COVID–19 pandemic affected court operations beginning in March 2020. Chief Judge Lewis issued Orders beginning March 18, 2020, and on regular intervals thereafter during the pandemic, excluding time from the speedy trial clock until September 30, 2022.

Mr. Felix also moved to limit testimony of the United States' proposed expert witness on August 25, 2020.[6] Chief Judge Lewis ruled on the August 2020 motion to limit expert testimony on November 28, 2022.[7]

***The parties believe the Speedy Trial clock expired on December 19 or 20, 2022.***

Mr. Felix contends from October 1, 2022 (when COVID-excluded time ended) to December 19, 2022, sixty days ran on the speedy trial clock.[8] This is incorrect; there are eighty

2

days between October 1, 2022 and December 19, 2022. The United States contends the speedy trial clock expired the next day, December 20, 2022.[9]

On December 20, 2022, Mr. Felix waived his right to a speedy trial, requested a trial date after May 1, 2023, but also requested a speedy trial extension to December 31, 2023 to allow him to seek medical care and to accommodate his attorney's calendar.[10]

Mr. Felix also filed a Notice on December 20, 2022, as directed by Judge Henderson, providing his calculation of the speedy trial clock.[11] Mr. Felix told Judge Henderson the speedy trial clock remained tolled until November 28, 2022, when Chief Judge Lewis decided his motion to limit the United States' expert.[12] Counting from November 28, 2022 to December 20, 2022, Mr. Felix calculated twenty-two days which, added to the twenty-one days between the initial appearance and the motion to suppress, resulted in forty-three days expired on the speedy trial clock.[13] Counting from December 20, 2022, Mr. Felix's counsel calculated the seventieth day of the speedy trial clock would expire on January 16, 2023.[14]

On December 27, 2022, Judge Henderson agreed with the mid-January 2023 speedy trial expiration calculation (noting the two-day difference in the parties' calculation), continued Mr. Felix's trial until August 7, 2023, and excluded from the clock time from the date of his December 27, 2022 Order to the date of jury selection.[15]

### *Mr. Felix moved to continue the August 7, 2023 trial into 2024.*

On June 23, 2023—with the August 7, 2023 trial date six weeks away—Mr. Felix moved to continue the August 7, 2023 trial.[16] Mr. Felix explained he did not expect to complete his on-going medical treatment in the continental United States before the August 7, 2023 trial.[17] Mr. Felix then requested a December 2023 trial date citing his earlier speedy trial waiver extending

3

time for trial up to and including December 31, 2023.[18] The United States did not oppose Mr. Felix's motion. Neither party claimed the seventy-day speedy trial clock expired.

Judge Henderson granted Mr. Felix's motion for continuance on June 26, 2023, making an ends of justice finding for the extension, to be rescheduled at the next calendar call on August 16, 2023.[19] Judge Henderson excluded from the speedy trial clock time from the date of his June 26, 2023 Order to a mid-August 2023 calendar call.

At the August 15, 2023 calendar call, counsel reported Mr. Felix remained in the continental United States for medical treatment while awaiting surgery.[20] Noting Mr. Felix's speedy trial waiver up to and including December 31, 2023, Judge Henderson told counsel there were no available trial dates by 2023 year end. Mr. Felix's counsel did not oppose a trial date in 2024.[21] Judge Henderson continued the trial until the next available date to be determined at a January 18, 2024 calendar call. Judge Henderson asked counsel if Mr. Felix's surgery would be done by the end of the year; Mr. Felix's counsel did not have an estimated time for surgery.[22]

The parties appeared at the January 18, 2024 calendar call with Judge Henderson.[23] Counsel reported Mr. Felix remained in the United States for medical treatment and had an upcoming appointment to determine whether he required additional physical therapy.[24] Mr. Felix's counsel then told Judge Henderson she intended to move to dismiss the indictment based on the Supreme Court's 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*.[25] Judge Henderson asked why Mr. Felix's counsel did not earlier move to dismiss based on *Bruen*, to which counsel responded there were no trial dates and her focus was on other clients.[26] Counsel told Judge Henderson she would move to dismiss based on *Bruen* by February 2, 2024.[27]

4

Mr. Felix's counsel moved to dismiss the indictment based on *Bruen* on February 2, 2024.[28] Judge Henderson ordered the parties to advise on the number of days then remaining on the speedy trial clock.[29]

### *Both parties understood the speedy trial clock had expired by February 2, 2024.*

Both counsel reported back to Judge Henderson on February 12, 2024. Mr. Felix's counsel reported to Judge Henderson the speedy trial clock restarted on January 1, 2024—the day after his waiver ended—but tolled again on February 2, 2024 upon the filing of his *Bruen* motion to dismiss the indictment.[30] Counsel counted the thirty-two day period between January 1, 2024 and February 2, 2024 and added it to the forty-three days as of December 20, 2022 (the date of Mr. Felix's waiver) counsel then believed had expired on the clock, totaling in seventy-five days.[31] So, as of February 2, 2024—the date of Mr. Felix's motion to dismiss the indictment tolling the clock—his counsel believed the speedy trial clock had just expired.[32] The United States represented to Judge Henderson as of February 2, 2024, 105 days had run on the speedy trial clock.[33]

Mr. Felix did not move for dismissal notwithstanding both parties conceded the speedy trial clock expired by the time of Mr. Felix's February 2, 2024 *Bruen* motion. And so they kept proceeding as though the clock did not expire.

### *The United States moved for a trial date opposed by Mr. Felix in April 2024.*

The United States moved for a trial date on April 3, 2024 even though it then thought the speedy trial clock had long expired.[34] The United States sought a trial date "as soon as feasible" based on its determination the speedy trial clock expired as of February 2, 2024, Mr. Felix's dismissal motion based on *Bruen* remained pending, and Mr. Felix did not move to dismiss under the Speedy Trial Act.[35]

Judge Henderson ordered Mr. Felix to respond to the United States' motion for a trial date, noting the Speedy Trial Act expired but Mr. Felix had not moved to dismiss under the Act.[36]

Mr. Felix did not want to then go to trial; he opposed the United States' Motion for a trial date on April 26, 2024.[37] Mr. Felix argued his *Bruen* motion to dismiss should be resolved before scheduling trial.[38] He did not argue Chief Judge Lewis should dismiss for an admitted speedy trial act violation.

### Mr. Felix moved to dismiss citing the Speedy Trial Act in November 2024.

There is nothing on the docket for another seven months between April 26, 2024, when Mr. Felix opposed the United States' motion for a trial date, until he moved to dismiss under the Speedy Trial Act in November 2024 even though Chief Judge Lewis had not yet decided the pending *Bruen* motion.[39] He now seeks dismissal with prejudice of the charges against him. The United States does not oppose dismissal and conceded the delay violated Mr. Felix's rights under the Speedy Trial Act.

The parties disagree as to whether the stipulated dismissal should be with prejudice. The United States argues we should dismiss the indictment without prejudice.[40] Mr. Felix asserts, as of the November 21, 2024 filing of his motion, there is a 292–day delay on the speedy trial clock.[41] The United States concedes 128 days expired and, depending on our treatment of the then-pending *Bruen* motion to dismiss the indictment, another 171 days could be added for 299–day delay on the speedy trial clock.[42] Again, we are not convinced either party correctly calculated the clock given changing positions as earlier highlighted, including Mr. Felix's opposition to the United States' Motion for a trial date in April 2024.

6

**II.    Analysis**

Mr. Felix did not move to dismiss the January 1, 2020 indictment until November 21, 2024 long after the speedy trial clock expired but while Chief Judge Lewis continued to review his *Bruen* motion to dismiss. Both parties agree (albeit with differing calculations) the seventy-day clock under the Speedy Trial Act expired. So, the only issue today is whether we dismiss the indictment with prejudice.[43] We agree with the United States and dismiss the indictment without prejudice after applying the factors defined in Congress and affirmed by the Supreme Court.

Congress provides the remedy for a violation of the seventy-day speedy trial clock: "If a defendant is not brought to trial within the time limit required … the information or indictment ***shall be dismissed on motion of the defendant***."[44] The Act allocates to the defendant "the burden of proof of supporting such motion" and to the United States "the burden of going forward with the evidence in connection with any exclusion of time" from the speedy trial clock.[45]

In determining whether to dismiss a case with prejudice, Congress requires we consider "each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."[46] Congress requires us to "carefully consider those factors as applied to the particular case and, whatever [our] decision, clearly articulate their effect in order to permit meaningful appellate review."[47]

We recognize some reasonable persons may understandably pause at allowing the United States a second try to prosecute charges after it did not timely prosecute the first round of charges. Legislative history recognized by the Supreme Court is certain: the decision to dismiss with prejudice is left to our discretion on a case-by-case basis applying factors offered by Congress.

7

Congress passed the Speedy Trial Act in 1974 in response to nationwide concerns of increasing crime.[48] United States Representative Abner J. Mikva introduced two bills on the proposed Crime Reduction Act in 1969, including a title related to speedy trial based on standards developed by the American Bar Association's Project on Minimum Standards for Criminal Justice.[49] The proposed bill based on the ABA's standards recommended dismissal with prejudice as a sanction for a speedy trial violation.[50] By mid-1970, United States Senator Sam J. Ervin, Jr. introduced speedy trial legislation in the Senate.[51] Senator Ervin's bill differed from Representative Mikva's bill by making the dismissal with prejudice as a sanction "[i]f a defendant, through no fault of his own or his counsel, is not brought to trial as required" by the proposed speedy trial clock.[52]

Varying versions of the Senate and House bills wound through subcommittees addressing the dismissal with prejudice language.[53] Congress held hearings on the proposed legislation with the Department of Justice opposing the sanction of mandatory dismissal with prejudice, viewed as "legislative mandating of inflexible time limits."[54] Then-Attorney General William B. Saxbe told Congress the Department of Justice would accept the bill if it gave discretion to district courts to dismiss cases either with prejudice or without prejudice.[55]

On December 13, 1974, the House amended the proposed bill after debate on the House floor, eliminating the requirement of dismissal with prejudice and substituting the factors courts must consider in making the determination to dismiss with or without prejudice.[56] Representative William S. Cohen offered the amendment to "remove any serious objection to this act by leaving dismissal with or without prejudice up to the court, again taking into account the case were justice might not be served by the strict" trial clock limitation.[57] Responding to a question regarding the dismissal with or without prejudice as within the discretion of the court, Representative Cohen

clarified the amendment intended to vest the courts with discretion to determine dismissal with or without prejudice based on a consideration of "the gravity or seriousness of the offense, the reason why the case could not be prosecuted within the time limitation, and third, whether the ends of justice are, in fact, being served by dismissing with prejudice. These are factors normally the court would take into account anyway."[58]

The Supreme Court thirty-eight years ago in *Taylor* recognized the dismissal with or without prejudice issue debated in Congress. Reviewing the legislative history of the Speedy Trial Act, the Court concluded Congress did not intend either type of dismissal to be the presumptive remedy for a violation of the Act.[59] The Court concluded the compromise reached by the amendment introduced by Representative Cohen on the House floor left the decision to dismiss with our without prejudice to the discretion of the district courts, refusing to read in a presumption of dismissal either with or without prejudice.[60]

Our mandate from Congress is to analyze the prejudice question within our discretionary function guided by the factors in the Speedy Trial Act without a presumption. We address each factor in turn.

### A. The seriousness of the offense favors dismissal without prejudice.

The Grand Jury charged Mr. Felix with possession of a firearm and ammunition knowing he could not possess a firearm, punishable by up to ten years' imprisonment. Firearms offenses are serious crimes for purposes of the Speedy Trial Act analysis.[61] As our Court of Appeals in *Stevenson* explained, "society's interest in bringing the particular accused to trial" is the primary focus of the "seriousness" factor.[62] This is because "[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence."[63]

9

Mr. Felix concedes he is charged with serious felonies.[64] But, he argues, we must balance the seriousness against the length of delay here. We agree with the parties the charges against Mr. Felix are serious enough to weigh in favor of dismissal without prejudice. This finding is but one factor we consider.

### B. The facts and circumstances relating to delay are not attributable to the United States' negligence as alleged by Mr. Felix favoring dismissal without prejudice.

The second factor considers the facts and circumstances leading to dismissal. Our Court of Appeals directs we consider the reasons for the delay.[65] We ask whether the delay stemmed from "intentional dilatory conduct," or a "'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?"[66] We may consider whether the United States acted in bad faith or "to gain some tactical advantage," engaged in a "pattern of neglect" or "intentional dilatory conduct," or the "sheer length of the [delay] involved" in a violation of the Act which "may significantly impact whether dismissal with prejudice is warranted."[67]

Delay caused by the United States' bad faith, willful misconduct, or attempts to gain tactical advantage weigh heavily in favor of dismissal with prejudice.[68] "More neutral reasons" like inadvertent negligence or judicial backlog weigh less heavily on the United States.[69]

Mr. Felix concedes he moved to continue hearings, but argues he sought the majority of his continuances during the COVID-19 excludable time and did not impact the speedy trial clock. Mr. Felix argues nothing he did caused the delay leading to the expiration of the speedy trial clock in December 2022 and dismissal with prejudice is warranted because the delay is the result of the United States' "truly neglectful attitude."[70]

The United States responds there is nothing in the record to show it engaged in a pattern of neglect, arguing the bulk of the delay arose from time where Chief Judge Lewis considered motions; Mr. Felix did not act to protect his right to a speedy trial and instead requested a delay in

10

trial until after May 1, 2023 and the again on June 23, 2023 and did not oppose a 2024 trial date; and when the United States moved to protect Mr. Felix's speedy trial rights by moving for a trial date in April 2024, Mr. Felix opposed the motion taking the position no trial date should be set until the Court ruled on his *Bruen* motion to dismiss. The United States argues Mr. Felix passively allowed the time to elapse on the clock, opposed the United States' motion for a trial date, and did not meet his burden of supporting his motion to dismiss with prejudice.[71]

We conclude the second factor weighs in favor of dismissal without prejudice considering the record as a whole and the procedural history:

- Mr. Felix waived his right to a speedy trial on December 20, 2022, requesting a trial date after May 1, 2023 but requested a speedy trial extension to December 31, 2023 to allow him to seek medical care and to accommodate his attorney's calendar.

- Mr. Felix's counsel calculated an expiration of the clock on January 16, 2023 responding to Judge Henderson's concern in December 2022 regarding the remaining time on the speedy trial clock. The United States concurred.

- Judge Henderson continued Mr. Felix's trial until August 7, 2023 based on the parties' agreed upon speedy trial calculation and Mr. Felix's waiver.

- Mr. Felix sought a continuance of the August 7, 2023 trial and did not object to a 2024 trial based on his waiver through December 31, 2023.

- When Judge Henderson asked at a January 18, 2024 calendar call why counsel did not earlier file a motion based on *Bruen*, counsel responded the court had not set a trial date and her other clients demanded her attention then. When Judge Henderson asked the parties for an update on the time left on the speedy trial clock, Mr. Felix told Judge Henderson seventy-five dates expired on the clock by the time of his February 2, 2024 *Bruen* motion.

- Mr. Felix opposed the United States' motion to schedule a trial date as soon as possible in April 2024, taking the position Chief Judge Lewis must decide his *Bruen* motion before the court set a date certain trial.

- Mr. Felix waited approximately seven months from April 2024 to move to dismiss the indictment based on a violation of the Speedy Trial Act.

- We denied Mr. Felix's *Bruen* motion without prejudice last week upon the parties' consent.

11

Mr. Felix now asserts the speedy trial clock ran sometime before December 19, 2022 when he filed his waiver. But Mr. Felix did not move to dismiss the charges against him based on a violation of the Act in December 2022. He instead waived his rights for one year, asked for a continuance of an August 2023 trial, did not oppose a trial date in 2024, and opposed the United States' motion for a trial in April 2024 until Chief Judge Lewis resolved his *Bruen* motion to dismiss.

We disagree with Mr. Felix this case is like *United States v. Caparella* he cites in support of his dismissal with prejudice argument.[72] In *Caparella*, the United States Court of Appeals for the Second Circuit reversed the district court's dismissal of an indictment without prejudice. In *Caparella*, the court of appeals found the prosecutor's negligence "was the ***sole*** cause" of the delay and the only explanation provided by the United States for its lack of diligence "was that it was simply an oversight; no other excuse was proffered."[73] The court of appeals concluded the United States' failure to adhere to the time limit constituted "careless inadvertence" even though it did not find the United States' conduct arose from "any evil motive."[74] The court of appeals cautioned "[m]eeting established time limitations is important and lack of attention or dilatoriness in observing them should not be encouraged by courts viewing such neglect tolerantly."[75]

We are faced with different facts. The United States' conduct here is far from the "sole cause" of the delay and there is no evidence the clock expired because of the United States' lack of oversight or carelessness. Mr. Felix's conduct, as highlighted above, accounts for most of the post-COVID delay, "'substantially undercut[ting]' any weight that we might otherwise attribute in favor of dismissal with prejudice."[76] We conclude the second factor weights in favor of dismissal without prejudice.

### C. Mr. Felix did not articulate prejudicial delay or prosecutorial misconduct supporting dismissal with prejudice under the factor considering impact of re-prosecution on the administration of the Act.

The third factor informing our exercise of discretion requires we weigh the impact of a second prosecution on the administration of the Speedy Trial Act and administration of justice. Our Court of Appeals identified two "main considerations" when analyzing this factor: "whether the defendant suffered actual prejudice as a result of the delay" and "whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act."[77]

Mr. Felix does not identify prejudice as a result of the delay, for example the unavailability or witnesses or stale evidence, and does not accuse the United States of prosecutorial misconduct; the two "main considerations" for our analysis as guided by our Court of Appeals. He instead argues the Speedy Trial Act "has no teeth" and violations of the Act "have no real consequences" if we do not dismiss with prejudice.[78]

The United States responds Mr. Felix does not argue prejudice resulting from the delay or prosecutorial misconduct and, without these indicia prescribed by our court of appeals in *Stevenson*, the third factor weighs in favor of dismissal without prejudice.

Our court of appeals in *Stevenson* addressed the "toothless sanction" argument. It explained dismissal without prejudice is not a toothless sanction because the Act "forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds."[79] Our court of appeals in *Stevenson* affirmed Judge Mariani's dismissal of Mr. Stevenson's indictment without prejudice. Mr. Stevenson argued 165 non-excludable days passed since his arraignment. Our court of appeals reasoned this delay, without an assertion of prejudice or evidence of the United States' misconduct, did not support a dismissal with prejudice.[80]

Our grand jury charged Mr. Felix on January 1, 2020 with possession of a firearm and ammunition in early November 2019.[81] We make no comment on a statute of limitations problem other than recognizing the alleged conduct occurred over six years ago. We disagree with Mr. Felix's argument dismissal with prejudice is required or the Act is without force.

Mr. Felix argued in his November 21, 2024 motion to dismiss the passage of 292-days on the speedy trial clock requires dismissal with prejudice. We recognize well over 400 non-excludable days have passed since his November 2024 motion creating a significant delay in this case. But even a significant delay is not dispositive.[82] Mr. Felix does not assert prejudice, there is no evidence on the record of misconduct by the United States, or it purposefully delayed prosecution and acted carelessly or negligently. There is no evidence of intentional conduct by the United States, so "penalizing the government for the delay [would not appreciably] deter any similar behavior in the future."[83] Our court of appeals in *Stevenson* recognized there are cases where violation of the Act "is so substantial, the motive so inappropriate, or the resultant prejudice so great that it would be an abuse of discretion for a district court to fail to dismiss an indictment with prejudice."[84] But, as in *Stevenson*, Mr. Felix's fact pattern is not one of those cases. The third factor weighs in favor of dismissal without prejudice.

### III. Conclusion

We grant Mr. Felix's motion to dismiss the indictment in part upon consent but we find the dismissal is without prejudice.

---

[1] 18 U.S.C. § 3161(c)(1).

[2] ECF 1. Our grand jury charged Mr. Felix with violations of 18 U.S.C. §§ 922(g)(1), (q)(2)(A).

[3] ECF 3.

[4] ECF 9.

14

---

[5] ECF 77.

[6] ECF 24. Mr. Felix filed this motion within the COVID-19 excludable time.

[7] ECF 173.

[8] ECF 200 at 9, ¶ 2.

[9] ECF 206 at 13.

[10] ECF 176.

[11] ECF 177.

[12] *Id.* ¶ 5.

[13] *Id.* ¶ 6.

[14] *Id.* At the time Mr. Felix filed his speedy trial waiver on December 20, 2022, his counsel believed the clock had ***not*** expired, telling Judge Henderson the clock would expire on January 16, 2023. ECF 177. Mr. Felix's counsel now believes eighty-one days on the speedy trial clock ran by December 19, 2022. ECF 200 ¶ 2. This calculation is based in part on incorrect counting. Twenty-one days ran on the clock between Mr. Felix's January 27, 2020 arraignment and February 17, 2020 when he filed a motion to suppress. Chief Judge Lewis's COVID-19 Orders excluded time from mid-March 2020 to September 30, 2022. If the clock resumed on October 1, 2022 without a tolling event then the speedy trial clock expired on November 18, 2022 (forty-nine day period plus the twenty-one days from January 27, 2020 to February 18, 2020). Before moving to dismiss the indictment for a speedy trial violation, Mr. Felix's counsel twice represented to Judge Henderson the speedy trial clock did not begin to run until November 28, 2022, when Chief Judge Lewis ruled on his motion to limit expert testimony. ECF 177 ¶ 5; ECF 188 ¶ 5. As of December 20, 2022, Mr. Felix represented to Judge Henderson—a representation he relied on—trial must start by January 16, 2023. ECF 177. The United States concurred with Mr. Felix's Notice with the exception of a two-day difference in the calculation of the expiration date, believing January 18, 2023 to be the date the clock expired. ECF 178. Mr. Felix's counsel now argues the clock restarted on October 1, 2022 with no tolling, making the clock expired by the time he filed his December 20, 2022 speedy trial waiver. ECF 200.

[15] ECF 179.

[16] ECF 182.

[17] *Id.*

[18] *Id.*

[19] ECF 183.

15

---

[20] ECF 184. Judge Henderson scheduled a calendar call for August 16, 2023, but the record shows the calendar call occurred on August 15, 2023. *Id.*

[21] *Id.*

[22] *Id.*

[23] ECF 185.

[24] *Id.*

[25] 597 U.S. 1 (2022). The Supreme Court almost four years ago in *Bruen* held a New York statute conditioning a license to carry a handgun based on a citizen's showing of some additional special need violated the Second Amendment. The Supreme Court held New York's statute violates the Constitution and rejected the two-step framework for analyzing Second Amendment challenges developed by the Courts of Appeals. *Id.* at 17. The Court held the government may not regulate firearms to promote "an important interest" but must show the regulation is "consistent with this Nation's historical tradition of firearm regulation." *Id.* In the wake of *Bruen*, persons charged with possession of a firearm under 18 U.S.C. § 922(g) began to challenge the statute's constitutionality in a variety of contexts. The Supreme Court two years later offered further guidance in *United States v. Rahimi*, clarifying the analysis to be applied when determining "whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." 602 U.S. 680, 692 (2024) (quoting *Bruen*, 597 U.S. at 26–31). Our Court of Appeals found section 922(g)(1) constitutional as applied to "convicts on parole or probation" and "[a] convict completing his sentence on supervised release does not have a Second Amendment right to possess a firearm." *United States v. Brown*, --- F.4th ---, No. 23-3184, 2026 WL 632349, at *3 (3d Cir. Mar. 6, 2026) (first quoting *United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025), then quoting *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024)). *See also United States v. Walters*, 151 F.4th 122, 132–35 (3d Cir. 2025) (analyzing challenge to section 922(g)(1) in the context of Supreme Court and our Court of Appeals' guidance, rejecting a person's as-applied challenge to section 922(g)(1)).

[26] ECF 185.

[27] *Id.*

[28] ECF 186.

[29] ECF 187.

[30] ECF 188.

[31] *Id.* ¶¶ 5–8.

[32] Mr. Felix and the United States told Judge Henderson in mid-February 2024 the speedy trial clock expired before Mr. Felix's *Bruen* motion to dismiss on February 2, 2024. *See* ECF 188, 190.

The parties' position now is the speedy trial clock expired sometime before or around December 19, 2022.

[33] ECF 190. It is unclear whether the United States' 105-day calculation is correct. But, at the very least, it is far in excess of the seventy-day clock.

[34] ECF 197.

[35] *Id.*

[36] ECF 198.

[37] ECF 199.

[38] *Id.*

[39] ECF 200. We resolved Mr. Felix's *Bruen* motion to dismiss following reassignment last week given all parties agreed it is moot in this case without prejudice to be renewed should we find the dismissal is without prejudice and the grand jury again timely indicts Mr. Felix for the alleged conduct well over six years ago. ECF 211.

[40] ECF 206.

[41] ECF 200 at 100.

[42] ECF 206.

[43] We received reassignment of this case on February 20, 2026. ECF 208.

[44] 18 U.S.C. § 3162(a)(2) (emphasis added).

[45] *Id.*

[46] *Id.*

[47] *United States v. Taylor*, 487 U.S. 326, 336 (1988).

[48] Anthony Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, at 11, 31–33 (Fed. Judicial Ctr. 1980).

[49] *Id.* at 11–12. Representative Mikva proposed: "If a defendant is not brought to trial as required by section 3161 the information or indictment shall be dismissed on motion of the defendant. Such dismissal shall forever bar prosecution for the offense charged and for any other offense required to be joined with the offense. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty shall constitute a waiver of the right to dismissal." *Id.* at 194.

[50] *Id.* at 32.

[51] *Id.* at 13–14.

[52] *Id.* at 194.

[53] *Id.* 194–95.

[54] *Id.* at 16–17, n. 37, 195–217 (quoting Letter to Senator Ervin from Deputy Attorney General Ralph E. Erickson, Oct. 3, 1972, at 1973 Senate Hearings 184–85, 187–90).

[55] *Id.* at 17–18, n. 39.

[56] *Id.* at 195, 218–22 (citing 120 Cong. Rec. 41793-95).

[57] *Id.* at 218. Representative Cohen further explained:

> Mr. Chairman, this is the most controversial section of the bill. I should point out that the committee's bill differs with the Senate version in that this requires a dismissal with prejudice at the end of the 5-year phase in period, if the 100-day limitation period were not met, which raised considerable opposition on the part of the Department of Justice notwithstanding the fact that the American Bar Association had recommended a dismissal with prejudice.
> . . .
> Notwithstanding the position of the American Bar Association, the judges I have mentioned, and even Justice Rehnquist's statement on this matter, in the interest of seeing that this measure be passed, approved, and signed into law, I offer an amendment which would allow the court in its discretion to dismiss a case with or without prejudice. In determining whether it be with or without prejudice, the court may consider the following factors: The seriousness of the offense charged, the facts and circumstances of the case which led to dismissal, and the impact of reprosecution on the administration of this act, on the administration of justice. Therefore, the court in its discretion can allow a reprosecution if the ends of justice would be served, and they clearly outweigh the interests of the defendant to a speedy trial. I believe this eliminates, in substance, the objection by the Department of Justice. . . . So for those factors, I urge this Congress to adopt the amendment.

*Id.* at 219–20.

[58] *Id.* at 219.

[59] *Taylor*, 487 U.S. at 333–35, and n. 8. *See also United States v. Caparella*, 716 F.2d 976, 979–80 (2d Cir. 1983) (rejecting defendant's argument a speedy trial violation implies a presumption in favor of dismissal with prejudice, citing legislative history and 1974 House floor debate on the proposed amendment).

---

[60] *Taylor*, 487 U.S. at 333–34.

[61] *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016). *See also United States v. Palmer*, No. 22-282, 2024 WL 3952074, at *5-6 (D.N.J. Aug. 27, 2024) (indictment for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and exposure to a ten-year maximum sentence weigh in favor of the seriousness of the charge) (collecting cases); *United States v. Green*, 471 F. Supp. 3d 577, 590 (M.D. Pa. 2020) (charge of only one firearms offense does not undermine the seriousness of the charge); *United States v. Williams*, No. 2019-41, 2019 WL 4786948, at *3 (D.V.I. Sep. 30, 2019) ("as a general rule, 'firearms offenses are serious crimes for purposes of the Speedy Trial Act.'") (quoting *Stevenson*, 832 F.3d at 420)).

[62] *Stevenson*, 832 F.3d at 419.

[63] *Id.* at 419–20 (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)).

[64] ECF 200 at 10.

[65] *Stevenson*, 832 F.3d at 420.

[66] *Id.* (quoting *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005); then citing *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998)).

[67] *Id.* at 420–21 (quoting *United States v. Becerra*, 435 F.3d 931, 937 (8th Cir. 2006), *United States v. Medina*, 524 F.3d 974, 987 (9th Cir. 2008); *Taylor*, 487 U.S. at 339, 338–39; *United States v. Kottmyer*, 961 F.2d 569, 572–73 (6th Cir. 1992); and *United States v. Clymer*, 25 F.3d 824, 831–32 (9th Cir. 1994)).

[68] *United States v. Alexander*, No. 20-cr-26, 2024 WL 3299758, at *5 (D.V.I. July 2, 2024) (quoting *Hastings*, 847 F.3d at 925).

[69] *Id.* (citing *United States v. Erickson*, No. 19-cr-7, 2020 WL 3001047, at *11 (D.V.I. June 3, 2020)).

[70] ECF 200 at 12 (quoting *Taylor*, 487 U.S. at 338).

[71] ECF 206 at 14.

[72] 716 F.3d 976 (2d Cir. 1983).

[73] *Id.* at 980 (emphasis added).

[74] *Id.*

[75] *Id.*

---

[76] *United States v. Koerber*, 10 F.4th 1083, 1107 (10th Cir. 2021) (quoting *United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir. 1993)).

[77] *Stevenson*, 832 F.3d at 421–22 (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000)).

[78] ECF 200 at 13.

[79] *Stevenson*, 832 F.3d at 423 (quoting *Taylor*, 487 U.S. at 342). The statute of limitations on a non-capital felony offense, including 18 U.S.C. § 922, is five years. 18 U.S.C. § 3282(a). If an indictment charging a felon is "dismiss for any reason after" the statutory limitations period, a new indictment may be returned "within six calendar months of the date of the dismissal of the indictment." 18 U.S.C. § 3288.

[80] *Stevenson*, at 421, n.7. Our Court of Appeals explained Mr. Stevenson asserted a 103-day non-excludable delay in the district court but asserted for the first time on appeal a total of 165 non-excludable days. *Id.* Our Court of Appeals found support in the record for the 165-day calculation but "the District Court was not required to 'scour the record to make the case of a party who d[id] nothing" … and [Mr.] Stevenson has not claimed it was improper for the District Court to rely on the parties' stipulation as to the delays." *Id.* (citation omitted).

[81] ECF 1.

[82] *Cano-Silva*, 402 F.3d at 1035 (citing *United States v. Jones*, 213 F.3d 1253, 1258 (10th Cir. 2000) (holding a delay of 414 non-excludable days did not require dismissal with prejudice)). Chief Judge Molloy less than two years ago in *Alexander* dismissed an indictment without prejudice after finding a total of 564 non-excludable days elapsed on the speedy trial clock given the circumstances of the case, including unintentional delay, and no evidence of bad faith or intentional neglect by the United States. *Alexander*, 2024 WL 3299758 at *6.

[83] *Stevenson*, 832 F.3d at 422 (quoting *United States v. Abdush-Shakur*, 465 F.3d 458, 463 (10th Cir. 2006)).

[84] *Id.* at 423.